**ABATED and Opinion Filed July 2, 2021**



In the

### Court of Appeals
### Fifth District of Texas at Dallas

### No. 05-18-00360-CR

**DEMOND DEPREE BLUNTSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 49th District Court**
**Webb County, Texas**
**Trial Court Cause No. 2012CRO000674D1**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith[1]
Opinion by Justice Carlyle

A jury convicted Demond Depree Bluntson of two counts of capital murder and two counts of aggravated assault against a public servant. The trial court sentenced him to death for the capital-murder convictions, and the jury sentenced him to fifty years' confinement for the aggravated-assault convictions. The capital-murder convictions went directly to the court of criminal appeals for review, even though the four counts were tried to the same jury. *See Callins v. State*, 726 S.W.2d

---

[1] The Honorable Justice Craig Smith succeeded the Honorable Justice John G. Browning, a member of the original panel. Justice Smith has reviewed the briefs and the record before the Court.

555 (Tex. Crim. App. 1986); TEX. CODE CRIM. PROC. arts. 4.04, 37.071 § 2(h); TEX. R. APP. P. 25.2(b).[2]

With one exception, Mr. Bluntson's fifteen points of error overlap with issues he asserted in his capital-murder appeal. In both appeals, Mr. Bluntson contends the trial court violated his rights in determining he was competent to stand trial. The court of criminal appeals, addressing Mr. Bluntson's arguments, has held that the trial court erred by failing to conduct a competency trial despite determining there was some evidence of incompetency. *See Bluntson v. State*, No. AP-77,067, 2021 WL 2677462, at *6 (Tex. Crim. App. June 30, 2021) (not designated for publication). The court abated Mr. Bluntson's appeal and remanded the case to the trial court to determine the feasibility of conducting a retrospective competency trial. *See id.*

Given that Mr. Bluntson makes the same argument in this court, and for the reasons the court of criminal appeals explained in its opinion, we abate this appeal pending the trial court's proceedings on remand from the court of criminal appeals. As the court of criminal appeals ordered, *see id.*, regardless of the trial court's determination on the feasibility of a retrospective competency trial, the record of the proceedings on remand shall be filed in this Court within 180 days of the date of this opinion for reinstatement of the appeal.

---

[2] Mr. Bluntson did not timely appeal his aggravated-assault convictions, though the court of criminal appeals granted him permission to note his out-of-time appeal in this Court.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180360f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)